UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

American Express National Bank,　　　　　　　　　Case No. 3:24-cv-986

　　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Bobbie Scales,

　　　　　　Defendant

　　　*Pro se* defendant Bobbie Scales filed this removal action against American Express National Bank. (ECF No. 1). Defendant filed a document titled "Removed from State Court" and attached a document titled "Notice of Removal," purporting to remove a state court action in the Erie County Court of Common Pleas. (*See* ECF No. 1-1). It appears that Defendant is challenging Plaintiff's attempt to collect a debt. Defendant alleges that Plaintiff violated the Fair Debt Collection Practice Act and it engaged in an illegal monopoly with the state of Kansas in its attempt to collect a debt of $16,271.28. (ECF Nos. 1, 1-1).

　　　A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332. The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). And "because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of

remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (alteration in original) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65, 33 V.I. 385 (3d Cir. 1996)).

Federal question jurisdiction under 28 U.S.C. § 1331 is present only when a federal question appears "on the face of the plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Federal counterclaims and defenses are "inadequate to confer federal jurisdiction," and do not provide a basis for removal. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) (finding that, pursuant to the well-pleaded-complaint rule, a counterclaim cannot serve as the basis for a federal court's "arising under" jurisdiction).

To remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a) and (b).

As an initial matter, this action has not been properly removed. The only documents filed in this case are Defendant's documents titled "Removed from State Court" and an attachment titled "Notice of Removal." (See ECF Nos. 1, 1-2). Defendant has failed to file any pleadings from the Erie County Court of Common Pleas. And it is not apparent from the removal notice that Defendant has timely filed a notice of removal. Additionally, Defendant's purported defense or

counterclaim alleged in the removal notice does not provide a basis for removal. *Beneficial Nat'l Bank*, 539 U.S. at 6. There is therefore no valid basis for an exercise of federal removal jurisdiction in this case.

Accordingly, because Defendant did not properly remove the action from the Erie County Court of Common Pleas, it is not necessary to remand the matter to state court. The Court therefore dismisses this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge